1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

**JOHN RAY DYNES,**

Petitioner,

v.

**FRESNO SUPERIOR COURT,**

Respondent.

Case No. 1:14-cv-01796 MJS (HC)

**ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO EXHAUST STATE REMEDIES**

17  Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas

18  corpus pursuant to 28 U.S.C. § 2254. On November 17, 2014, Petitioner filed the instant

19  petition challenging an April 3, 2014 conviction for two counts of second degree robbery,

20  and carrying a concealed weapon. (Pet., ECF No. 1.) In the petition, Petitioner explains

21  that he did not seek direct appeal of his conviction and that he has only filed one state

22  habeas petition with the Fresno County Superior Court. (Id.)

23  **I.    DISCUSSION**

24  Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a

25  preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a

26  petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to

27  relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d

28  490 (9th Cir.1990). Otherwise, the Court will order Respondent to respond to the petition.

1    Rule 5 of the Rules Governing § 2254 Cases.

2         A petitioner who is in state custody and wishes to collaterally challenge his

3    conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.

4    28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court

5    and gives the state court the initial opportunity to correct the state's alleged constitutional

6    deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S.

7    509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

8         A petitioner can satisfy the exhaustion requirement by providing the highest state

9    court with a full and fair opportunity to consider each claim before presenting it to the

10   federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S.

11   270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will

12   find that the highest state court was given a full and fair opportunity to hear a claim if the

13   petitioner has presented the highest state court with the claim's factual and legal basis.

14   Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9 (1992)

15   (factual basis).

16        Additionally, the petitioner must have specifically told the state court that he was

17   raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford,

18   232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195

19   F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  In

20   Duncan, the United States Supreme Court reiterated the rule as follows:

21        In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that
          exhaustion of state remedies requires that petitioners "fairly present"
22        federal claims to the state courts in order to give the State the
          "'opportunity to pass upon and correct' alleged violations of the prisoners'
23        federal rights" (some internal quotation marks omitted). If state courts are
          to be given the opportunity to correct alleged violations of prisoners'
24        federal rights, they must surely be alerted to the fact that the prisoners are
          asserting claims under the United States Constitution. If a habeas
25        petitioner wishes to claim that an evidentiary ruling at a state court trial
          denied him the due process of law guaranteed by the Fourteenth
26        Amendment, he must say so, not only in federal court, but in state court.

27   Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

28        Our rule is that a state prisoner has not "fairly presented" (and thus

2

1

2

3

4

5

6

exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

7

8

9

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

10

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000).

11

12

13

14

15

16

17

Upon review of the instant petition for writ of habeas corpus, it appears that Petitioner has not presented his claims to the highest state court, the California Supreme Court. If, in fact, Petitioner presented his claims to the California Supreme Court, he must inform this Court of his effort to exhaust his state remedies and if possible, provide the Court with a copy any petitions and resulting rulings from the California Supreme Court. Unless Petitioner has exhausted his state remedies, the Court is unable to proceed to the merits of the petition. 28 U.S.C. § 2254(b)(1).

18

## II.   ORDER

19

20

21

22

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court within thirty (30) days of the date of service of this order.

23

24

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

25

IT IS SO ORDERED.

26

27

28

Dated:   November 21, 2014        /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28